# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

NORTHTOWN VILLAGE, INC., )
)
        **Plaintiff,** )
)
vs. )    Case No. 11-5018-CV-SW-RED
)
CITY OF ORONOGO, MISSOURI et al., )
)
        **Defendants.** )

## ORDER

Before the Court is Defendants' Joint Motion to Dismiss (Doc. 3). Defendants City of Oronogo, Missouri, Bob Parrish, Bob Russell, Bruce Richardson, Rick Smith, Coby Lanford, David Butler, Joshua Stiffler and Pat Tuttle ("Defendants") move to dismiss the Complaint (Doc. 1) filed by Northtown Village, Inc. ("Northtown") in its entirety. For the reasons below, the Court **GRANTS** the Motion.

## BACKGROUND

Northtown, a Missouri corporation that engages in the business of real estate development, began developing Northtown Village in 1995. Northtown has requested and received building permits from the city of Oronogo, beginning in 1995. On August 3, 2009, the Complaint alleges that Bob Parrish, the mayor of Oronogo, notified Northtown that the City would not issue any additional building permits "due to a pending legal action." (Complaint Doc. 1 para. 13). Since August 3, 2009, the City of Oronogo has denied Northtown's building permit requests for Northtown Village. As a result, Northtown filed this 42 U.S.C. § 1983 action seeking a permanent injunction, declaratory judgment, and damages. Northtown asserts procedural and substantive due process claims under the Fourteenth Amendment,[1] and a claim for inverse condemnation under the Fifth

---

[1] U.S. Const. amend XIV § 1.

Amendment[2] as incorporated into the Fourteenth Amendment. *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001).

## STANDARD OF REVIEW

When the Court reviews a motion to dismiss, it must "take[] all allegations in the complaint as true and draw[] all reasonable inferences in favor of the non-moving party". *O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

## DISCUSSION

<u>Northtown's inverse condemnation claim is not ripe for review.</u>

Defendants move to dismiss Northtown's inverse condemnation claim[3] on the basis that the claim is not ripe for review. As Defendants note, if a state provides adequate procedures for a plaintiff to receive compensation for an alleged taking, the plaintiff is required to follow such procedures before filing suit in federal court. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194-95 (1985). If a plaintiff fails to do so, the federal action is not ripe. As such, if an inverse condemnation claim is available to a plaintiff, and inverse condemnation claims are available in Missouri,[4] a plaintiff must pursue such an action in state court before filing the claim in federal court. *McKenzie v. City of White Hall*, 112 F.3d 313, 317 (8th Cir. 1997).

Northtown's sole argument with respect to ripeness is that Missouri does not afford an

---

[2] U.S. Const. amend V.

[3] "To state a claim for inverse condemnation, a plaintiff must allege his property was taken or damaged by the state for public use without just compensation." *Zumalt v. Boone Cnty.*, 921 S.W.2d 12, 15 (Mo. Ct. App. 1996) (quoting *Harris v. Mo. Dep't of Conservation*, 755 S.W.2d 726, 729 (Mo. Ct. App. 1988)). Furthermore, a plaintiff "need not plead an actual physical taking of property, but must have plead an invasion of a valuable property right and consequential damages." *Watson v. City of St. Louis*, 956 S.W.2d 920, 922 (Mo. Ct. App 1997).

[4] *CIS Comm'ns L.L.C. v. Cnty. of Jefferson*, 177 S.W.3d 848, 850 (Mo. Ct. App. 2005).

2

adequate remedy to plaintiffs when their property is subjected to a regulatory taking. Although a plaintiff in Missouri may not have the right to bring an inverse condemnation claim when he or she has suffered a decrease in property value as a result of a zoning ordinance, as noted by the court in the case relied upon by Northtown[5], this is not the issue before the Court. Northtown has alleged the denial of a building permit constitutes a taking, not that a zoning ordinance has decreased its property value. Northtown could have filed an inverse condemnation claim in state court but has not done so. *See CIS Comm'ns*, 177 S.W.3d at 850-51 (noting that a plaintiff was required to exhaust its inverse condemnation claim for denial of conditional use permit). Therefore, Northtown's inverse condemnation claim is not ripe and must be dismissed.

<u>Northtown's procedural and substantive due process claims are not adequately pled.</u>

Next, Defendants move to dismiss Northtown's procedural and substantive due process claims on the basis that Northtown has not adequately pled these claims with sufficient facts. Specifically, Defendants allege Northtown has not pled any facts concerning constitutional violations giving rise to its claims. Northtown alleges that it has adequately pled its claims because it has alleged that it was issued building permits from Defendants for many years, until August 3, 2009. Northtown argues that because the Court must assume the facts in the Complaint are true and construe all reasonable inferences in its favor, it has adequately pled its constitutional claims.

The Court must begin its analysis over whether Northtown adequately pled its constitutional claims by focusing on "the interest allegedly violated." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). As the Complaint alleges Defendants have refused to issue Northtown building permits, the 'interest allegedly violated' is Northtown's interest in the building permits. However, in order for Northtown to have a constitutionally protected interest in the building permits,

---

[5] *D & R Pipeline Const. Co., Inc. v. Greene Cnty.*, 630 S.W.2d 236, 237-38 (Mo. Ct. App. 1982).

it must show that Defendants lacked discretion to issue the permits, meaning that Defendants must issue building permits to "applicant[s] who compl[y] with the statutory requirements [if] the applicant[s] ha[ve] fulfilled the requirements." *Carolan v. City of Kansas City, Mo.*, 813 F.2d 178, 181 (8th Cir. 1987). In Missouri, "[t]he issuance of a building permit is a ministerial act" which must be granted if the requirements are met. *State ex rel. Remy v. Alexander*, 77 S.W.3d 628, 631 (Mo. Ct. App. 2002).

Northtown's Complaint is completely lacking of any facts that show it has complied with the requirements necessary to receive a permit from Defendants. The only facts Northtown includes in its Complaint is a discussion of the previous building permits issued to it by Defendants and that it was told by Mayor Bob Parrish that the City would not issue any further permits at Northtown Village. However, without facts demonstrating that Northtown has complied with the necessary requirements in order to receive a building permit, Northtown has not pled any facts demonstrating it has any constitutionally protected interest in the issuance of a building permit. Thus, Northtown's Complaint omits facts that are necessary in order to adequately plead procedural and substantive due process claims. *See Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) (finding that a plaintiff failed to state a claim for procedural due process where the facts in the complaint did not demonstrate a constitutionally protected interest). Therefore, Northtown's procedural and substantive due process claims should be dismissed.

<u>The *Younger* abstention doctrine mandates dismissal of Northtown's Complaint.</u>

Moreover, aside from the fact that Northtown's inverse condemnation claim is not ripe and Northtown has not adequately pled claims for procedural and substantive due process, the Complaint should be dismissed pursuant to the *Younger* abstention doctrine, which dictates that federal courts should refrain from "exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant

federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010). With respect to the first element regarding what constitutes a 'state proceeding', the Eighth Circuit has found that a similar 'quasi judicial' proceeding, as compared to the permit application process in this case, constituted a state proceeding. *See Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 479-80 (8th Cir. 1998) (finding that a determination of a business license application by the 'Planning Commission' constitutes a state proceeding). Furthermore, with respect to whether the proceeding at issue was ongoing, the proceeding is considered to be an ongoing state proceeding for purposes of the abstention doctrine because Northtown did not appeal the denial of its request for a building permit in state court. A plaintiff cannot avoid application of the *Younger* abstention doctrine by failing to appeal an administrative decision in state court, *Alleghany Corp v. Pomeroy*, 898 F.2d 1314, 1317-18 (8th Cir. 1990), and Mo. Rev. Stat. § 89.110 requires a plaintiff to petition a state court for review of a city council's denial of a building permit. *State ex rel. Presbyterian Church of Washington, Mo. v. City of Washington, Mo.*, 911 S.W.2d 697, 700 (Mo. Ct. App. 1995).

Turning to the second element, the second element is satisfied because the issuance of building permits is an obvious important state and local interest. *See Night Clubs, Inc.*, 163 F.3d at 480. The third element is satisfied because Mo. Rev. Stat. § 536.140, which applies to judicial review of determinations falling under § 89.110,[6] allows a plaintiff to raise constitutional challenges on appeal in state court. § 536.140.2. *See also State ex rel. Coop. Ass'n No. 86 of Aurora, Mo. v. Bd. of Zoning Adjustment of the City of Aurora, Mo.*, 977 S.W.2d 79, 82-83 (Mo. Ct. App. 1998) (allowing due process challenge on appeal). Finally, nothing in the Complaint suggests that an exception to the *Younger* abstention doctrine applies. *See Gillette v. N.D. Disciplinary Bd. Counsel*, 610 F.3d 1045, 1047 (8th Cir. 2010) (discussing the exceptions to the application of the *Younger*

---

[6] *Deffenbaugh Indus., Inc. v. Potts*, 802 S.W.2d 520, 525 n.6 (Mo. Ct. App. 1990).

abstention doctrine). As such, the *Younger* abstention doctrine mandates dismissal of Northtown's Complaint.

## CONCLUSION

For the above reasons, all claims in the Complaint should be dismissed. As such, the above-captioned is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED: June 13, 2011  /s/ Richard E. Dorr
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT